```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
HUGH MOORE,
```

                    Plaintiffs,                    **MEMORANDUM**

    - v -

                                               CV-05-5127 (CBA)(VVP)

CITY OF NEW YORK, et al.,

                    Defendants.
```
-----------------------------------------------------------x
```

      By letter dated April 24, 2006, the plaintiff seeks an order directing the defendants to disclose employment records of defendant Police Officer Morgan Jones concerning acts of police misconduct that post-date the incident at issue here. By letter dated April 26, 2006, the defendants have responded arguing that such records are not relevant or reasonably calculated to lead to the discovery of admissible evidence. The cases cited by the defendants attack the relevance of the information as it relates to the *Monell* claims made by the plaintiff, and as to those claims the authorities support the defendants' position. The argument that the information is not potentially relevant to the claims against the individual defendant, however, flies directly in the face of the Second Circuit's decision in *Ismail v. Cohen*, 899 F.2d 183 (2nd Cir. 1990), which upheld the admission of evidence concerning post-incident misconduct by a police officer defendant in a section 1983 case where the district court found that the misconduct was relevant to issues of pattern, intent, and absence of mistake. *Id*. at 188. Whether any post-incident misconduct by the defendant here would be similarly relevant and not outweighed by the danger of unfair prejudice is ultimately left to the trial judge. But some discovery about those matters must be permitted now to give the plaintiff an opportunity to determine whether there is a basis to attempt to develop such evidence.

Not all post-incident police misconduct would be potentially relevant to issues of pattern, intent and absence of mistake, however. Rather, only misconduct of a nature similar to the misconduct alleged in the complaint. Accordingly, the defendants are directed to produce records of allegations of post-incident misconduct by Police Officer Jones involving supposed false arrest, excessive force, assault and battery, and illegal strip search.

        **SO ORDERED:**
        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated:    Brooklyn, New York
            April 27, 2006